**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ERICK LAY,

    Plaintiff,

v.      No. 1:20-CV-00280

WALMART, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant, incorrectly named in the caption of the Complaint as "Walmart, Inc." and correctly identified as Wal-Mart Stores East, L.P., hereinafter referred to as "Wal-Mart", by and through undersigned counsel Modrall, Sperling, Roehl, Harris & Sisk, P.A. (Megan T. Muirhead and Bayard Roberts), hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the State of New Mexico, County of Bernalillo, Second Judicial District Court, to the United States District Court for the District of New Mexico. Wal-Mart files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this removal, Wal-Mart states as follows:

    **I.**      **Introduction.**

    1. Plaintiff Erick Lay filed a lawsuit against Wal-Mart in the State of New Mexico, County of Bernalillo, Second Judicial District Court, captioned as *Erick Lay v. Walmart Inc.*, Case No. D-202-CV-2019-09820. A true and correct copy of the Complaint and all other documents filed in the Second Judicial District Court are attached hereto as Exhibit A. Plaintiff served the Complaint on Wal-Mart on January 6, 2020.

2. Plaintiff's Complaint alleges that Wal-Mart created an unreasonably dangerous condition and was negligent in failing to mop a wet floor. Exhibit A, Complaint, ¶¶ 6-7. Plaintiff claims that as a result of the accident, he experienced injuries and suffered damages for medical expenses, non-medical expenses, past and future pain and suffering, loss of enjoyment of life, and lost earnings and future impaired earning capacity." *Id.* ¶ 12. The WHEREFORE paragraph of the Complaint does not pray for a specific amount of damages.

3. On February 3, 2020 Wal-Mart filed its Answer served Plaintiff with its First Set of Discovery.  Exhibit A.

4. On March 18, 2020, Plaintiff admitted under Request for Admission No. 1 that he is seeking more than $75,000.00 in damages, exclusive interests and costs. Exhibit B, Plaintiff's Responses to Defendant's First Set of Request for Production and Requests for Admission to Plaintiff, p. 13.

5. In addition, in Interrogatory No. 21, Defendant asked Plaintiff, "If you are seeking to recover damages in this litigation for any past medical expenses, identify the specific amount of past medical expenses that you allege you are entitled to recover in this dispute and state how you arrived at that figure and the factual basis for such figure." Exhibit C, Plaintiff's Answers to Defendant's First Set of Interrogatories and Responses to Defendant's Request for Production and Requests for Admission to Plaintiff, pp. 12-13. In his Answer, Plaintiff identified $154,213.70 in alleged medical damages.  *Id.*

6. Removal of this action is timely pursuant to 28 U.S.C. § 1441 and §1446(b), as it is filed within 30 days of Wal-Mart's receipt of documentation from which it can be ascertained that this case is removable.

7. There are no other Defendants in this action from whom consent is required for removal.

## II.  The Procedural Requirements for Removal Have Been Satisfied.

8. The United States District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial District Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this District under 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, Summons, and all other pleadings filed in the Second Judicial District are attached hereto as Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico.

## III.  Removal Is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

11. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006).

### A. Complete Diversity of Citizenship Exists Between the Parties.

12. Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011). Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal

court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side." *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965).

13. Upon information and belief, Plaintiff is, and was at the time this suit was filed, a citizen of the State of New Mexico. Exhibit A, Complaint ¶ 2.

14. Defendant Wal-Mart Stores East, L.P. is and was at the time Plaintiff commenced this action, a Delaware limited partnership. Wal-Mart's sole general partner, WSE Management, LLC, is a Delaware limited liability company. Its sole limited partner, WSE Investment, LLC, is also a Delaware limited liability company. Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.) is the sole member of WSE Management, LLC and WSE Investment, LLC. Wal-Mart Stores East, LLC is an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc., which is a Delaware corporation. The principal place of business for all entities mentioned above is Bentonville, Arkansas. Accordingly, Wal-Mart Stores East, Limited Partnership is not a citizen of the State of New Mexico for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business."); *see also Ravenswood Inv. Co.*, 651 F.3d at 1222 (10th Cir. 2011) (limited partnership is citizen of every state in which any of its partners is a citizen).

15. Thus, there is complete diversity of citizenship between Plaintiff and Defendant as required by 28 U.S.C. § 1332.

## B. The Amount in Controversy Requirement is Satisfied.

16. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

17. Pursuant to 28 U.S.C. § 1446(b)(3), if the case is not removable based on the initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that he case is one which is or has become removable." Pursuant to 28 U.S.C. § 1446(c)(3)(A), discovery responses are considered "other papers" under § 1446(b)(3) to show that the amount in controversy is above $75,000, triggering removal. 28 U.S.C. § 1446(c)(3)(A) ("…information relating to the amount in controversy…in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)").

18. Here, the face of Plaintiff's Complaint does not pray for a specific amount of damages. Plaintiff instead claims damages for medical expenses, non-medical expenses, past and future pain and suffering, and lost earnings and future earning capacity. Exhibit A, Complaint ¶ 12.

19. In his response to Wal-Mart's Request for Admission No. 1, Plaintiff checked "Admit" for the Request stating, "Admit that you are seeking more than $75,000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs, as damages in this lawsuit." Exhibit B. Wal-Mart received this response on March 18, 2020. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *See also Walker v. Trailer Transit, Inc*., 727 F.3d 819, fn. 4 (7th Cir. 2013) ("Jurisdictional requests for admission

are a common device for determining whether the amount-in-controversy minimums are met") and *Pritchett v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 36635 (E.D.Ok) (denying plaintiff's motion to remand where plaintiff admitted via a request for admission that "her claims may exceed $75,000").

20. In addition, Plaintiff alleges to have incurred $154,213.70 in "Medical Damages" as a result of the matter at issue in his Complaint. Exhibit C.

21. Because Plaintiff has alleged that he incurred damages over $75,000 and Plaintiff admits that he is seeking damages greater than $75,000, the amount-in-controversy requirement is well-satisfied.

22. While Wal-Mart disputes Plaintiff's claims raised in his Complaint, by his own sworn discovery responses, the amount in controversy requirement of 28 U.S.C § 1332(a) is satisfied, and this case is appropriate for removal.

**IV.    Conclusion.**

23. Wal-Mart has satisfied all requirements for removal and reserves the right to amend this Notice of Removal.

WHEREFORE, Wal-Mart respectfully removes this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Bayard Roberts*
   Megan T. Muirhead
   Bayard Roberts
   Post Office Box 2168
   500 Fourth Street NW, Suite 1000
   Albuquerque, New Mexico  87103-2168
   Telephone: 505.848.1800
   mmuirhead@modrall.com
   bxr@modrall.com

*Attorneys for Defendant Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for e-filing through "Odyssey File & Serve" and e-mailed to the following counsel of record this 30th day of March, 2020.

Stacy H. Sutherland
*Attorney for Plaintiff*
3900 Juan Tabo NE, Ste. 17
Albuquerque, NM 87111
(505) 506-2504
ssutherlandesq@aol.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Bayard Roberts*
   Bayard Roberts

NOTICE OF REMOVAL.docx