**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**12/20/2019 3:17 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Leanne LeCompte**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ERICK LAY,

    Plaintiff,

vs.                                            No. ___D-202-CV-2019-09820___

WALMART INC.,

    Defendant.

## COMPLAINT FOR PERSONAL INJURY

**COMES NOW** Plaintiff Erick Lay, through undersigned counsel, Stacy H.

Sutherland, ABQ Accident Attorney, L.L.C. and states as follows:

1. The injury occurred in Bernalillo County, New Mexico.

2. Plaintiff is a resident and domiciliary of Bernalillo County, New Mexico.

3. Defendant is a foreign profit corporation, doing business in New Mexico as

   Walmart.

4. On or about June 16, 2018, Plaintiff was on Defendant's property for Defendant's

   business purpose and at the Defendant's invitation.

5. The injury occurred when Plaintiff slipped on water on the polished floor of

   Defendant's store #850 and fell to the floor.

6. Defendant's premises were in an unreasonably dangerous condition in that water

   was present on Defendant's polished floor, without warning to others.

7. Defendant's employees and/or agents were negligent in failing to keep the premises



in a safe condition, causing Plaintiff's injury.

8.   Defendant, through its employees or agents, knew or should have known that the polished floors combined with unmarked water on the floor represented a potential danger to visitors, but Defendant, through its employees or agents, did nothing to correct the dangerous condition.

9.   Defendant, through its employees and agents, was negligent in the following respects:

   a.   creating the dangerous condition,

   b.   failing to inspect, discover, and correct the dangerous condition,

   c.   failing to warn the Plaintiff of the dangerous condition, and

   d.   failing to protect the Plaintiff from the dangerous condition.

10.   Defendant is liable for any negligence of its employees through the doctrine of *respondeat superior*.

11.   As a proximate result of the direct or vicarious negligence of Defendant, Plaintiff has suffered injuries.

12.   As a result, Plaintiff sustained the following damages:

   a.   medical expenses,

   b.   lost earnings and future impaired earning capacity,

   c.   loss of enjoyment of life,

   d.   pain and suffering, past and future, and

   e.   nonmedical expenses.

WHEREFORE, Plaintiff prays for judgment against the Defendant for the following:

1.　　compensation for the Plaintiff's losses,

2.　　pre- and post-judgment interest,

3.　　costs, and

4.　　such other relief as the court may deem proper.


Respectfully submitted:

**ABQ Accident Attorney, LLC**

by: _____

Stacy H. Sutherland
Attorney for the Plaintiff
3900 Juan Tabo NE, Suite 17
Albuquerque, NM 87111
phone: (505) 506-2504
fax: (505) 288-3560
ssutherlandesq@aol.com

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**12/20/2019 3:17 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Leanne LeCompte**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ERICK LAY,

    Plaintiff,

vs.                                                    No. D-202-CV-2019-09820

WALMART INC.,

    Defendant.

## COURT-ANNEXED ARBITRATION CERTIFICATION

COMES NOW Plaintiff, Erick Lay, by and through his attorney of record, Stacy

H. Sutherland, ABQ Accident Attorney, L.L.C., pursuant to Second Judicial District

Local Rules, Rule LR2-603, certifies as follows:

[   ]    This party seeks only a money judgment and the amount sought does not

exceed twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest,

costs, and attorney fees. (Arbitration)

[ X ]    This party seeks relief other than a money judgment and/or seeks relief in

excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damages,

interest, costs, and attorney fees. (No Arbitration)

                **ABQ Accident Attorney, LLC**

by       _Stacy H. Sutherland_
               Stacy H. Sutherland
               *Attorney for the Plaintiff*
               3900 Juan Tabo NE, Suite 17
               Albuquerque, NM 87111
               phone: (505) 506-2504
               fax: (505) 288-3560
               ssutherlandesq@aol.com

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
1/16/2020 7:35 AM
James A. Noel
CLERK OF THE COURT
Shellene Romero

## SUMMONS

District Court: Second Judicial District Court
    Bernalillo County, New Mexico

Case Number: D-202-CV-20____

Court Address:
400 Lomas NW
Albuquerque, New Mexico 87103
Court Telephone No. (505) 841-7438

Judge: Honorable Lisa Chavez Ortega

Plaintiff(s):
ERICK LAY

Defendant(s):
WALMART, INC.

Defendant(s)
WALMART, INC.

Address:
c/o Manager, Walmart #850
2701 Carlisle Blvd.
Albuquerque, NM 87110

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that:

    1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

    2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

    3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

    4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

    5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

    6. If you need an interpreter, you must ask for one in writing.

    7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

12/24/2019

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
       Deputy Clerk

/s/ Stacy H. Sutherland
Stacy H. Sutherland
ABQ Accident Attorney, LLC
Attorney for Plaintiff
3900 Juan Tabo NE, Suite 17
Albuquerque, NM 87111
Phone: (505) 506-2504 Fax: (505) 288-3560
Email: ssutherlandesq@aol.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

# RETURN

STATE OF ___New Mexico___ )
                        ) ss.
COUNTY OF ___Bernalillo___ )

I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served this summons in ___Bernalillo___ County ___nm___, on the ___6___ day of ___January 30th___, 2019, by delivering a copy of this summons, with copy of Complaint and Arbitration Certification attached, in the following manner:
(check on box and fill in appropriate blanks)

☐ To defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

☐ To the defendant by (mail) (courier service) as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.
After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

☐ To _____, a person over the age of 15 years and residing at the usual place of abode of defendant _____, *(used when defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known address)* a copy of the summons and complaint.

☐ To _____, the person apparently in charge at the actual place of business or employment of the defendant and mailing by first class mail to the defendant at

_____ *(insert defendant's business address)* a copy of the summons and complaint.

☐ To _____, an agent authorized to receive service of process for defendant _____.

☐ To _____, (parent) (guardian) (custodian) (conservator) (guardian ad litem) of defendant _____ *(used when Defendant is a minor or an incapacitated person)*

☒ To ___Custodia Cage___, *(name of person)* ___Co-Manager___, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.*

Fees: _$40_

_____
Signature of person making service

_____
Title (if any)

Subscribed and sworn to before me this _13th_ day of _January_ , ~~2013.~~ _2020_

By: _Joani Garcia_
Judge, Notary or Other Officer Authorized to

SEAL
Administer Oaths

_Notary_
_____
Official Title

OFFICIAL SEAL
Joani Garcia
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires _July 26 2023_

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**2/3/2020 4:02 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Patsy Baca**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ERICK LAY,

     Plaintiff,

v.                              Cause No. D-202-CV-2019-09820

WALMART, INC.,

     Defendant.

## ANSWER TO COMPLAINT FOR DAMAGES

Defendant, incorrectly referred to in the caption of the Complaint as Walmart, Inc. and properly referred to as Wal-Mart Stores East, L.P. (and hereinafter referred to as "Wal-Mart"), by and through its undersigned counsel, Answer Plaintiff Erick Lay's ("Plaintiff") Complaint for Personal Injury as follows:

1.     Defendant lacks specific information with which to admit or deny the allegations contained in Paragraph 1, and therefore denies the same.

2.     Defendant lacks specific information with which to admit or deny the allegations contained in Paragraph 2, and therefore denies the same.

3.     Defendant Wal-Mart denies the allegation contained in Paragraph 3 of the Complaint. Defendants further state that Wal-Mart Stores East, L.P. is a Delaware limited partnership doing business in New Mexico.

4.     Defendant lacks specific information with which to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.     Defendant lacks specific information with which to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.      Defendant denies the allegations in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint and all its sub-parts.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants lack specific information with which to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore deny the same

13.     Defendant denies Plaintiff is entitled to any of the relief requested in the WHEREFORE paragraph of the Complaint.

14.     Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Defendant states that the Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

As a further, separate, and alternative defense, Defendant states that to the extent that it is liable for any alleged damage or injury, which Defendants expressly deny, and to the extent the negligence and fault of persons and entities other than Defendant (whether or not parties to this action) was a proximate cause of Plaintiff's alleged injuries and damages, recovery that might otherwise ensue must either be barred or reduced accordingly under the doctrine of comparative negligence and fault.

**THIRD DEFENSE**

As a further, separate, and alternative defense, Defendant states that to the extent that Plaintiff has suffered any damages, which Defendant expressly denies, Plaintiff's damages should be barred or reduced to the extent Plaintiff has failed to mitigate the damages.

**FOURTH DEFENSE**

As a further, separate, and alternative defense, Defendant states that the damages of which Plaintiff complains should be barred or reduced to the extent the damages were the proximate result of an independent intervening cause.

**FIFTH DEFENSE**

As a further, separate, and alternative defense, Defendant states that Plaintiff's claims should be barred in whole or in part to the extent Plaintiff failed to meet his duty to look out and exercise reasonable care for his own safety.

**SIXTH DEFENSE**

As a further, separate, and alternative defense, Defendant states that upon information and belief, some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions or injuries, subsequent medical conditions or injuries, and the natural course of those conditions of the Plaintiff, by an idiosyncratic reaction, operation of nature, or act of God, for which Defendant are not responsible.

**SEVENTH DEFENSE**

As a further, separate, and alternative defense, Defendant states that Plaintiff's claims should be dismissed to the extent they are barred by the applicable statute of limitations.

**EIGHTH DEFENSE**

As a further, separate, and alternative defense, Defendant states that Plaintiff's claims are barred in whole or in part because Plaintiff's damages, if any, were caused by his own acts or omissions.

**WHEREFORE,** having fully answered the Complaint, Defendant respectfully request that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, that judgment be entered in favor of Defendant to recover its costs and for such other further relief as the Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Bayard Roberts*
    Megan T. Muirhead
    Bayard Roberts
    Post Office Box 2168
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800
    mmuirhead@modrall.com
    bxr@modrall.com

*Attorneys for Defendant Wal-Mart Stores East, L.P.*

4

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for e-filing through "Odyssey File & Serve" and e-mailed to the following counsel of record this 3rd day of February, 2020.

Stacy H. Sutherland
*Attorney for Plaintiff*
3900 Juan Tabo NE, Ste. 17
Albuquerque, NM 87111
(505) 506-2504
ssutherlandesq@aol.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Bayard Roberts*_____
   Bayard Roberts

Y:\DOX\CLIENT\75301\0560\PLEADING\W3673993.DOCX

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**2/3/2020 4:02 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Patsy Baca**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ERICK LAY,

      Plaintiff,

v.                                                           No. D-202-CV-2019-09820

WALMART, INC.,

      Defendant.

## <u>CERTIFICATE OF SERVICE</u>

We certify that *Defendant Wal-Mart's First Set of Interrogatories, Requests For Production and Requests for Admission to Plaintiff* were emailed, along with a copy of this Certificate of Service, to the following counsel of record this 3rd day of February, 2020:

Stacy H. Sutherland
*Attorney for Plaintiff*
3900 Juan Tabo NE, Ste. 17
Albuquerque, NM 87111
(505) 506-2504
ssutherlandesq@aol.com

      Respectfully submitted,

      MODRALL, SPERLING, ROEHL, HARRIS
        & SISK, P.A.

      By: */s/ Bayard Roberts*
        Megan T. Muirhead
        Bayard Roberts
        Post Office Box 2168
        500 Fourth Street NW, Suite 1000
        Albuquerque, New Mexico  87103-2168
        Telephone: 505.848.1800
        mmuirhead@modrall.com
        bxr@modrall.com

      *Attorneys for Defendant Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for e-filing through "Odyssey File & Serve" and e-mailed to the following counsel of record this 3rd day of February, 2020.

Stacy H. Sutherland
*Attorney for Plaintiff*
3900 Juan Tabo NE, Ste. 17
Albuquerque, NM 87111
(505) 506-2504
ssutherlandesq@aol.com

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Bayard Roberts*
    Bayard Roberts

Y:\dox\client\75301\0560\PLEADING\W3679269.DOCX

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**2/10/2020 3:16 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Shellene Romero**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ERICK LAY,

      Plaintiff,

v.                                   Case No.: D-202-CV-2019-09820

WALMART INC.,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that PLAINTIFF'S FIRST SET OF INTERROGATORES TO DEFENDANT and FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS and REQUESTS FOR ADMISSIONS TO DEFENDANT and a copy of this CERTIFICATE OF SERVICE were e-mailed to: Bayard Roberts, Post Office Box 2168, 500 Fourth Street NW, Suite 1000, Albuquerque, New Mexico  87103-2168, bxr@modrall.com and that a copy of this document was E-filed through Tyler Technologies which caused the above to be served by electronic means as reflected on the Notice of Electronic Filing on this 10th day of February, 2020.

Respectfully submitted,
**ABQ Accident Attorney, LLC**

by    _Stacy N Sutherland_

Stacy H. Sutherland
*Attorneys for Plaintiff*
3900 Juan Tabo NE, Suite 17
Albuquerque, NM  87111
(505) 506-2504
ssutherlandesq@aol.com

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/18/2020 1:18 PM**
**CLERK OF THE COURT**
**Marissa Marquez**

ERICK LAY,

      Plaintiff,

v.                                                                  Case No.: D-202-CV-2019-09820

WALMART INC.,

      Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORES and RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS and REQUESTS FOR ADMISSIONS and a copy of this CERTIFICATE OF SERVICE were mailed to: Bayard Roberts, Post Office Box 2168, 500 Fourth Street NW, Suite 1000, Albuquerque, New Mexico 87103-2168, bxr@modrall.com and that a copy of this document was E-filed through Tyler Technologies which caused the above to be served by electronic means as reflected on the Notice of Electronic Filing on this 18th day of March, 2020.

Respectfully submitted,
**ABQ Accident Attorney, LLC**

by _____
Stacy H. Sutherland
*Attorneys for Plaintiff*
3900 Juan Tabo NE, Suite 17
Albuquerque, NM 87111
(505) 506-2504
ssutherlandesq@aol.com

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/23/2020 10:58 AM**
**CLERK OF THE COURT**
**Latoya Grayes**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ERICK LAY,

      Plaintiff,

v.                                 No. D-202-CV-2019-09820

WALMART, INC.,

      Defendant.

## <u>CERTIFICATE OF SERVICE</u>

We certify that *Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories to Defendant; Defendant's Responses and Objections to Plaintiff's First Request For Production of Documents to Defendant; Defendant's Response to Plaintiff's First Request for Admissions to Defendant; and Defendant's Privileged Document Log* were emailed, along with a copy of this Certificate of Service, to the following counsel of record this 23rd day of March, 2020:

      Stacy H. Sutherland
      *Attorney for Plaintiff*
      ssutherlandesq@aol.com

                      Respectfully submitted,

                      MODRALL, SPERLING, ROEHL, HARRIS
                        & SISK, P.A.

                      By: */s/ Bayard Roberts*
                        Megan T. Muirhead
                        Bayard Roberts
                        Post Office Box 2168
                        500 Fourth Street NW, Suite 1000
                        Albuquerque, New Mexico  87103-2168
                        Telephone: 505.848.1800
                        mmuirhead@modrall.com
                        bxr@modrall.com

                      *Attorneys for Defendant Wal-Mart Stores East, L.P.*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for e-filing through "Odyssey File & Serve" and e-mailed to the following counsel of record this 23rd day of March, 2020.

Stacy H. Sutherland
*Attorney for Plaintiff*
3900 Juan Tabo NE, Ste. 17
Albuquerque, NM 87111
(505) 506-2504
ssutherlandesq@aol.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Bayard Roberts*
      Bayard Roberts


W3715185.DOCX

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/23/2020 1:13 PM**
**CLERK OF THE COURT**
**Marissa Marquez**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ERICK LAY,

        Plaintiff,

v.                              Case No.: D-202-CV-2019-09820

WALMART INC.,

        Defendant.

### REQUEST FOR HEARING

1.      Assigned Judge:  Lisa Chavez Ortega

2.      Type of Case:  Civil

3.      Jury: No

4.      Dates of hearings presently set:  None

5.      Specific matter(s) to be heard upon this request:  Rule 1-016 Scheduling

Conference

6.      Estimated total time required:  20 minutes

7.      Attached is a separate sheet listing name, firm, capacity, address, and telephone
number of all parties entitled to notice.

                              Respectfully submitted,

                              **ABQ Accident Attorney, LLC**

                              By: _____

                              Stacy H. Sutherland
                              Attorney for the Plaintiff
                              3900 Juan Tabo NE, Suite 17
                              Albuquerque, NM 87111
                              phone (505) 506-2504
                              ssutherlandesq@aol.com

I hereby certify that a true and correct copy of the foregoing pleading was E-filed through

Tyler Technologies/Odyssey which caused the following to be served by electronic

means as reflected on the Notice of Electronic Filing:


MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
Megan T. Muirhead
Bayard Roberts
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico  87103-2168
Telephone: 505.848.1800
mmuirhead@modrall.com
bxr@modrall.com
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

on the _____ day of March, 2020.

_____
Stacy H. Sutherland, Esq.

**ALL PARTIES ENTITLED TO NOTICE**

Stacy H. Sutherland
3900 Juan Tabo NE, Suite 17
Albuquerque, NM 87111
Phone (505) 506-2504
Fax (505) 288-3560
E-mail: ssutherlandesq@aol.com
*Attorney for Plaintiff*

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
Megan T. Muirhead
Bayard Roberts
Post Office Box 2168
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico  87103-2168
Telephone: 505.848.1800
mmuirhead@modrall.com
bxr@modrall.com
*Attorneys for Defendant Wal-Mart Stores East, L.P.*

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/24/2020 3:27 PM**
**CLERK OF THE COURT**
**Dawna Jarvis**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ERICK LAY,

      Plaintiff,

v.                                                                              Case No.: D-202-CV-2019-09820

WALMART INC.,

      Defendant.

## JOINT MOTION FOR CONFIDENTIALITY
## AGREEMENT AND PROTECTIVE ORDER

Plaintiff Erick Lay and Defendant, incorrectly referred to in the caption of the Complaint as Walmart, Inc. and properly referred to as Wal-Mart Stores East, L.P. (and hereinafter referred to as "Wal-Mart") jointly move the Court for entry of the Confidentiality Agreement and Protective Order attached hereto as **Exhibit 1**. In support of this motion, the Parties state:

1.      The Parties agree that the exchange of discovery in this action includes documents and other information that is confidential and/or proprietary and should not be disclosed to third parties.

2.      The attached Stipulated Confidentiality Agreement and Protective Order sets forth the terms of the Parties' agreement with respect to the confidentiality of documents exchanged in discovery.

3.      Good cause exists for the Court to enter the attached Stipulated Confidentiality Agreement and Protective Order because doing so will allow the Parties to proceed with discovery under the agreed terms set forth therein.

WHEREFORE, Plaintiff Erick Lay and Defendant Wal-Mart jointly request that the Court enter the Protective Order attached as Exhibit 1.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Bayard Roberts*
        Megan T. Muirhead
        Bayard Roberts
        Post Office Box 2168
        500 Fourth Street NW, Suite 1000
        Albuquerque, New Mexico  87103-2168
        Telephone: 505.848.1800
        mmuirhead@modrall.com
        bxr@modrall.com

    *Attorneys for Defendant Wal-Mart Stores East, L.P.*

        and

By: *Approved via E-mail 3/24/2020 by Stacy Sutherland*
        Stacy H. Sutherland
        3900 Juan Tabo NE, Suite 17
        Albuquerque, NM  87111
        phone: (505) 506-204
        fax: (505) 288-3560
        ssutherlandesq@aol.com

    *Attorney for Plaintiff*

W3717194.DOCX

2

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ERICK LAY,

       Plaintiff,

v.                                        Case No.: D-202-CV-2019-09820

WALMART INC.,

       Defendant.

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties hereby stipulate and agree as follows:

1.     **Non-Disclosure for Stamped Confidential Documents.**  Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

> A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under the New Mexico Rules of Civil Procedure.  For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

EXHIBIT 1

2.      **Permissible Disclosures.**  The following restrictions and procedures shall apply to any Confidential Material:

Confidential Material produced in this litigation and all information contained in or derived from such Confidential Material shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals therefrom.

Access to Confidential Material produced in this litigation shall be limited to the Qualified Persons listed below, who require access to such Confidential Material to perform their duties in this action.

a.   The judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

b.   Attorneys for Litigants, including in-house counsel, and their paralegals and support staff;

c.   The Litigants, employees of Litigants that are corporations, partners, or other entities, or employees of other entities retained by Litigants, or the parent or legal guardian of Litigants, who are responsible for assisting counsel in the conduct of this action;

d.   Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

e.   Experts or consultants and their staff who are employed or retained to assist counsel in this action or designated as trial witnesses;

f.   Deponents, their counsel, videographers and court reporters during the course of depositions taken in this action;

g.   Trial witnesses;

h.   Third-party mediators selected by the parties, and if necessary, approved by the Court in this case; and

i.   Such other persons hereafter designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

3.      **Declassification.**   In the event a party believes that a document (or category of documents) is improperly stamped as confidential, that party shall notify the designating party of the objection.   In the event a resolution cannot be reached, the designating party may seek a ruling from the Court regarding whether the documents are entitled to confidentiality under this Agreement and Order.   The documents shall be treated as confidential unless and until the Court rules they are not confidential.

4.      **Use of Confidential Information in Depositions.**

a.      A deponent or witness may during the deposition or trial be shown, and examined about, stamped confidential documents.   Deponents and witnesses shall not retain exhibits or copy portions of the transcript that contain confidential information which was not provided by them or the entities they represent.

b.      Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend:  "Confidential."   Until expiration of the 15-day period, the entire

3

deposition will be treated as subject to protection against disclosure under this order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

c.        A confidential exhibit used in deposition retains its confidentiality and any testimony concerning or related to such exhibit shall automatically be considered confidential information, unless otherwise agreed to by the parties.

5.        **Confidential Information at Trial.**   Subject to the New Mexico Rules of Evidence, a stamped confidential document and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential.  Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6.        **Subpoena by Other Courts or Agencies.**   If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7.        **Filing.**   Any Confidential Information that is filed as an attachment or otherwise with the Court shall be designated "Confidential Information – Subject to Confidentiality Order," and filed under seal in accordance with the Rules of Civil Procedure and the Odyssey File &

Serve procedures, except as otherwise provided by the Court, or as otherwise agreed to by the parties in writing.

8.     **Client Consultation.**  Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions herein.

9.     **Prohibited Copying.**  If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10.     **Use.**  Persons obtaining access to stamped confidential documents or other confidential information under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials).

11.     **Non-Termination.**  The provisions of this order shall not terminate at the conclusion of these actions. The parties agree that in accordance with the Rules of Professional Conduct and upon conclusion of this action, including the exhaustion of all appeals, they will destroy any Confidential documents produced to them by an opposing party.

12.     **Responsibility of Attorneys.**  The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

13.      **Inadvertent Disclosures.**  The inadvertent or unintentional disclosure of any confidential information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific confidential information disclosed or as to any other related information.

14.      **Effective Date and Retroactive Application.**  The provisions of this order shall apply from the date this order is entered to any and all documents produced in this case and to any and all information produced or disclosed, whether produced or disclosed before or after the entry of this order.  Documents produced before the entry date of this order, or documents produced but not stamped as confidential, may retroactively be stamped as confidential and shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality.


_____
THE HONORABLE LISA CHAVEZ ORTEGA
DISTRICT COURT JUDGE

**AGREED:**

MODRALL, SPERLING, ROEHL, HARRIS
     & SISK, P.A.

By:_____*/s/ Bayard Roberts*_____
    Megan T. Muirhead
    Bayard Roberts
    Post Office Box 2168
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800
    mmuirhead@modrall.com
    bxr@modrall.com
    *Attorneys for Defendant Wal-Mart Stores East, L.P.*

and

By:_*Approved via E-mail 3/24/2020 by Stacy Sutherland*
    Stacy H. Sutherland
    3900 Juan Tabo NE, Suite 17
    Albuquerque, NM  87111
    phone: (505) 506-204
    fax: (505) 288-3560
    ssutherlandesq@aol.com
    *Attorney for Plaintiff*

W3717189.DOCX

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/25/2020 9:37 AM**
**CLERK OF THE COURT**
**Lourdes Perez**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ERICK LAY,

      Plaintiff,

v.                                  Case No.: D-202-CV-2019-09820

WALMART INC.,

      Defendant.

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties hereby stipulate and agree as follows:

1.     **Non-Disclosure for Stamped Confidential Documents.**  Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

> A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under the New Mexico Rules of Civil Procedure.  For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2.      **Permissible Disclosures.**  The following restrictions and procedures shall apply to any Confidential Material:

Confidential Material produced in this litigation and all information contained in or derived from such Confidential Material shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals therefrom.

Access to Confidential Material produced in this litigation shall be limited to the Qualified Persons listed below, who require access to such Confidential Material to perform their duties in this action.

    a.  The judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

    b.  Attorneys for Litigants, including in-house counsel, and their paralegals and support staff;

    c.  The Litigants, employees of Litigants that are corporations, partners, or other entities, or employees of other entities retained by Litigants, or the parent or legal guardian of Litigants, who are responsible for assisting counsel in the conduct of this action;

    d.  Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

    e.  Experts or consultants and their staff who are employed or retained to assist counsel in this action or designated as trial witnesses;

2

    f.   Deponents, their counsel, videographers and court reporters during the course of depositions taken in this action;

    g.   Trial witnesses;

    h.   Third-party mediators selected by the parties, and if necessary, approved by the Court in this case; and

    i.   Such other persons hereafter designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

3.    **Declassification.**  In the event a party believes that a document (or category of documents) is improperly stamped as confidential, that party shall notify the designating party of the objection.  In the event a resolution cannot be reached, the designating party may seek a ruling from the Court regarding whether the documents are entitled to confidentiality under this Agreement and Order.  The documents shall be treated as confidential unless and until the Court rules they are not confidential.

4.    **Use of Confidential Information in Depositions.**

    a.   A deponent or witness may during the deposition or trial be shown, and examined about, stamped confidential documents.  Deponents and witnesses shall not retain exhibits or copy portions of the transcript that contain confidential information which was not provided by them or the entities they represent.

    b.   Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend:  "Confidential."  Until expiration of the 15-day period, the entire

deposition will be treated as subject to protection against disclosure under this order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

c.       A confidential exhibit used in deposition retains its confidentiality and any testimony concerning or related to such exhibit shall automatically be considered confidential information, unless otherwise agreed to by the parties.

5.       **Confidential Information at Trial.**   Subject to the New Mexico Rules of Evidence, a stamped confidential document and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential.  Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6.       **Subpoena by Other Courts or Agencies.**  If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7.       **Filing.**  Any Confidential Information that is filed as an attachment or otherwise with the Court shall be designated "Confidential Information – Subject to Confidentiality Order," and filed under seal in accordance with the Rules of Civil Procedure and the Odyssey File &

Serve procedures, except as otherwise provided by the Court, or as otherwise agreed to by the parties in writing.

8.      **Client Consultation.**  Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions herein.

9.      **Prohibited Copying.**  If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10.      **Use.**  Persons obtaining access to stamped confidential documents or other confidential information under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials).

11.      **Non-Termination.**  The provisions of this order shall not terminate at the conclusion of these actions. The parties agree that in accordance with the Rules of Professional Conduct and upon conclusion of this action, including the exhaustion of all appeals, they will destroy any Confidential documents produced to them by an opposing party.

12.      **Responsibility of Attorneys.**  The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

13.     **Inadvertent Disclosures.**   The inadvertent or unintentional disclosure of any confidential information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific confidential information disclosed or as to any other related information.

14.     **Effective Date and Retroactive Application.**   The provisions of this order shall apply from the date this order is entered to any and all documents produced in this case and to any and all information produced or disclosed, whether produced or disclosed before or after the entry of this order.   Documents produced before the entry date of this order, or documents produced but not stamped as confidential, may retroactively be stamped as confidential and shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality.

Judge Lisa Chavez Ortega
District Court Judge

6

**AGREED:**

MODRALL, SPERLING, ROEHL, HARRIS
      & SISK, P.A.

By:     */s/ Bayard Roberts*
     Megan T. Muirhead
     Bayard Roberts
     Post Office Box 2168
     500 Fourth Street NW, Suite 1000
     Albuquerque, New Mexico  87103-2168
     Telephone: 505.848.1800
     mmuirhead@modrall.com
     bxr@modrall.com
     *Attorneys for Defendant Wal-Mart Stores East, L.P.*

and

By: *Approved via E-mail 3/24/2020 by Stacy Sutherland*
     Stacy H. Sutherland
     3900 Juan Tabo NE, Suite 17
     Albuquerque, NM  87111
     phone: (505) 506-204
     fax: (505) 288-3560
     ssutherlandesq@aol.com
     *Attorney for Plaintiff*


File0002.docx

**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**3/26/2020 1:58 PM**
**CLERK OF THE COURT**
**Patsy Baca**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ERICK LAY,

      Plaintiff,

v.                                  No. D-202-CV-2019-09820

WALMART, INC.,

      Defendant.

## <u>CERTIFICATE OF SERVICE</u>

We certify that *Defendant's First Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant and Defendant's Privileged Document Log* were emailed, along with a copy of this Certificate of Service, to the following counsel of record this 26th day of March, 2020:

      Stacy H. Sutherland
      *Attorney for Plaintiff*
      ssutherlandesq@aol.com

                    Respectfully submitted,

                    MODRALL, SPERLING, ROEHL, HARRIS
                      & SISK, P.A.

                    By: */s/ Bayard Roberts*
                        Megan T. Muirhead
                        Bayard Roberts
                        Post Office Box 2168
                        500 Fourth Street NW, Suite 1000
                        Albuquerque, New Mexico  87103-2168
                        Telephone: 505.848.1800
                        mmuirhead@modrall.com
                        bxr@modrall.com

                    *Attorneys for Defendant Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for e-filing through "Odyssey File & Serve" and e-mailed to the following counsel of record this 26th day of March, 2020.

Stacy H. Sutherland
*Attorney for Plaintiff*
3900 Juan Tabo NE, Ste. 17
Albuquerque, NM 87111
(505) 506-2504
ssutherlandesq@aol.com

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By: */s/ Bayard Roberts*
   Bayard Roberts


W3718396.DOCX