**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ERICK LAY,

       Plaintiff,

       v.                                 Civ. No. 20-280 SCY/KK

WALMART, INC.,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND</u>[1]**

THIS MATTER comes before the Court on Plaintiff's Opposed Motion to Remand. Doc. 5. This case arises from a slip and fall at Walmart. Prior to filing his lawsuit, Plaintiff served a settlement demand letter on Defendant on November 9, 2019. Doc. 5-1 at 1-4. The letter itemized $150,986.27 in medical damages and $31,360 in lost wages. *Id.* at 3-4. The letter ultimately demanded $750,000 to settle the claim. *Id.* at 4.

Plaintiff filed this case in state court on December 20, 2019. Doc. 1-2 at 1. The parties conducted discovery in state court, and on March 18, 2020, Plaintiff served discovery responses admitting that he is seeking more than $75,000 in damages. Doc. 1-2 at 16; Doc. 1-3; Doc. 1-4. Twelve days later, on March 30, 2020, Defendant removed this case to federal court. Doc. 1.

Plaintiff filed the present Motion to Remand, arguing that the Notice of Removal was untimely under the statute requiring removal of a civil action within thirty days after the defendant receives the initial pleading, through service or otherwise, setting forth the plaintiff's claim. 28 U.S.C. § 1446(b)(l). Plaintiff argues that this thirty-day period began running from the

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 4, 6 & 7.

receipt of the Complaint, which was served on January 6, 2020. Doc. 5 at 4. Plaintiff does not

contend that the Complaint itself sets forth any information that clarifies the amount in

controversy. Instead, Plaintiff argues that the pre-Complaint settlement demand letter of

November 9, 2019 put Defendant on notice, or should have put Defendant on notice, of the

amount in controversy. Doc. 5 at 4.

In response, Defendant argues that Plaintiff cannot rely on *presuit* documents to contest

the timeliness of the notice of removal. Doc. 8. Because the demand letter was served on

Defendant before the Complaint, Defendant asserts, it is not a litigation paper which could have

triggered the thirty-day deadline in § 1446(b). Plaintiff did not file a reply, instead indicating that

briefing was complete without a reply. Doc. 9.

> Section 1446(b) provides:
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30
> days after the receipt by the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within 30 days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required
> to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is
> not removable, a notice of removal may be filed within 30 days after receipt by
> the defendant, through service or otherwise, of a copy of an amended pleading,
> motion, order or other paper from which it may first be ascertained that the case is
> one which is or has become removable.

Because Defendant indisputably removed this case more than 30 days after being served with

Plaintiff's complaint, section 1446(b)(1) does not provide Defendant an avenue for removal. Nor

does section 1446(b)(3), Plaintiff argues. Plaintiff notes that he demanded $750,000 on

November 9, 2019. Thus, he reasons, his March 18, 2020 discovery response could not serve as

the "other paper from which it may first be ascertained that the case is one which is or has

become removable" that triggers the 30-day removal period under section 1446(b)(3). Plaintiff's point is that when Plaintiff served Defendant on January 6, 2020, Defendant full well knew that the amount in controversy was greater than $75,000. Doc. 5 at 4 ("Defendant knew or should have known, that the amount in controversy exceeded $75,000.00 and diversity jurisdiction was established as soon as the Complaint was served on January 6, 2020, triggering the 30-day deadline for removal.").

But, in deciding when the removal clock starts ticking under section 1446(b)(3), the Tenth Circuit does not inquire into a defendant's subjective knowledge. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1270 (10th Cir. 2016). Moreover, the Tenth Circuit "agree[s] with the other circuits to have considered the matter that a presuit communication is not an 'other paper.'" *Id.* at 1272.  In *Paros Properties*, the "other paper" was the plaintiff's pre-suit email that assessed damages at almost $1.2 million. *Id.* at 1271. Also similar to the present case, the *Paros* plaintiff did not quantify damages when it later filed its state court complaint. *Id.* at 1267. Like here, approximately two months after serving the defendant, the *Paros* plaintiff provided discovery that unambiguously notified the defendant that more than $75,000 was in controversy. *Id*. at 1267-68. As in our case, this discovery prompted the defendant to remove the case to federal court. *Id*. In rejecting an argument almost identical to the one Plaintiff now makes, the Tenth Circuit held that, despite the plaintiff's pre-suit email assessing damages at $1.2 million, section 1446(b)(3) provided the defendant thirty days after receiving the discovery to remove the case. *Id*. at 1272.

The Tenth Circuit explained that the postsuit-document limitation "makes sense because the statutory language clearly does not contemplate 'papers' submitted before the complaint was filed." *Id*. at 1271-72. "After all, the removal clock under § 1446(b)(3) starts ticking upon receipt

of the 'paper,' so the time for removal after receipt of a presuit paper could well expire before service of the complaint and would never extend beyond the time permitted by § 1446(b)(1)—which is 30 days after service of the complaint or summons." *Id.* at 1272. Similarly in the present case, the pre-suit demand letter is not an "other paper" from which it may be ascertained that the *case* is removable, because, when the demand letter was served, there was not yet any *case* in existence that could be removed.

This Court is bound by the Tenth Circuit's decision in *Paros*. Therefore, the Court finds that Plaintiff's discovery answers served on March 18, 2020 constituted "other papers" that started the § 1446(b)(3) thirty-day clock for removal. Under *Paros*, Defendant's notice of removal was timely.

Plaintiff's Opposed Motion to Remand, Doc. 5, is DENIED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

4