**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERICK LAY,

     Plaintiff,

v.                                 Civ. No. 20-280 SCY/KK

WAL-MART STORES EAST, L.P.,

     Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO ADD EXPERT WITNESS

THIS MATTER is before the Court on Plaintiff's Opposed Motion to Supplement His Expert Disclosure to Add an Expert Witness (Doc. 26) ("Motion"), filed October 16, 2020. Defendant filed a response in opposition to the Motion on October 30, 2020, (Doc. 27), and Plaintiff filed a reply in support of it on November 9, 2020. (Doc. 30.) Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that Plaintiff's Motion is well-taken and should be GRANTED as set forth below.

### I. Factual Background and Procedural History

Plaintiff Erick Lay alleges that he suffered severe injuries when he slipped and fell on water on the floor of Wal-Mart Store No. 850 on or about June 16, 2018. (Doc. 1-2 at 1; Doc. 10 at 1.) As a result of this accident, Plaintiff filed a Complaint for Personal Injury in state court on December 20, 2019, asserting negligence claims against Defendant Wal-Mart Stores East, L.P. and seeking compensatory damages. (Doc. 1-2 at 1-3.) Defendant removed the case to this Court on March 30, 2020 on the basis of diversity jurisdiction. (Doc. 1 at 1-7.)

The Court entered an Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines ("Scheduling Order") in this case on May 12, 2020. (Doc. 15.) In the Scheduling Order, the Court set expert disclosure deadlines of August

3, 2020 for Plaintiff and September 18, 2020 for Defendant.  (*Id.* at 1-2.)  Discovery in this matter is set to close on December 28, 2020.  (*Id.* at 2.)

On August 3, 2020, Plaintiff timely disclosed several treating physicians as witnesses who may offer expert testimony at trial.  (Docs. 22, 27-1.)  He did not disclose any retained experts at that time.  (Doc. 27-1.)  About a month later, on September 10, 2020, Defendant produced approximately 3,000 pages of Plaintiff's medical records from Presbyterian Healthcare.  (Doc. 26 at 1; Doc. 30 at 2-4.)  Plaintiff did not have copies of these records before that date.  (Doc. 30 at 2.)  To give its expert sufficient time to review these records, Defendant, with Plaintiff's concurrence, obtained an extension of its expert disclosure deadline through October 20, 2020.  (Docs. 23, 24.)

Defendant disclosed its expert, G. Theodore Davis, M.D., on October 7, 2020.  (Doc. 27-2 at 1-3.)  According to Defendant's disclosure, Dr. Davis is expected to testify that the accident at issue did not cause the serious injuries Plaintiff attributes to it[1] and did not aggravate any pre-existing conditions, and that "Plaintiff's pre-existing factors and conditions are the likely explanations for Plaintiff's treatment and related costs."  (*Id.* at 1-2.)  Defendant also produced Dr. Davis' report on October 7, 2020.[2]  (*Id.* at 2.)

Plaintiff filed the Motion presently before the Court nine days after Defendant disclosed Dr. Davis.  (Doc. 26 at 1.)  In it, Plaintiff seeks leave to "supplement" his August 3, 2020 expert disclosures "to add an expert witness" to address the "causation dispute" Defendant's expert disclosure revealed.  (*Id.*)  Defendant opposes Plaintiff's request.  (Doc. 27.)

## II. Analysis

---

[1] Specifically, according to Defendant's disclosure, Dr. Davis will opine "that Plaintiff did not sustain herniated discs, radiculopathy, or other lumbar spine disorders as a result of his fall on June 16, [2018]."  (Doc. 27-2 at 1.)

[2] Defendant attached its expert disclosure to its response to Plaintiff's Motion but did not attach Dr. Davis' report.  (*See generally* Doc. 27-2.)

2

Plaintiff styles his motion as one to "supplement" his original expert disclosures pursuant to Federal Rule of Civil Procedure 26(e).  (Doc. 26 at 1.)  In pertinent part, Rule 26(e) provides that a party who has made a disclosure of expert testimony under Rule 26(a)(2)

> must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1).

Under Rule 26(e), "[t]he purpose of supplementary disclosures is just that—to supplement." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). Thus, "Rule 26(e)(1) 'permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.'" *Seidman v. Am. Family Mut. Ins. Co.*, No. 14-CV-03193-WJM-KMT, 2016 WL 9735768, at *5 (D. Colo. May 26, 2016), *aff'd*, No. 14-CV-3193-WJM-KMT, 2016 WL 6518254 (D. Colo. Nov. 3, 2016) (quoting *Minebea Co. v. Papst,* 231 F.R.D. 3, 6 (D.D.C. 2005)); *see also Leviton Mfg. Co. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M. 2007) (Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included" in an original disclosure).  Supplemental disclosures under Rule 26(e) "are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc.*, 145 F.3d at 324.

The foregoing authority shows that Rule 26(e) is not the proper vehicle for the relief Plaintiff seeks.  Plaintiff is not seeking leave to "supplement" his original expert disclosures, *i.e.*, to correct an inaccuracy in the disclosures or add discrete information that was unavailable when he made them.  *Seidman*, 2016 WL 9735768 at *5.  Rather, he is seeking leave to disclose a completely new expert and produce that expert's completely new report.  Moreover, he is seeking

3

this relief well after his August 3, 2020 expert disclosure deadline has passed.  In other words, he is asking the Court to reopen his "expert designation and report production deadline." *Metro Ford Truck Sales, Inc.*, 145 F.3d at 324.  Plaintiff erred in trying to use Rule 26(e) to accomplish this purpose.  *Id.*  Nevertheless, Plaintiff's error is one of form, not substance.  The Court therefore declines to rely on that error to deny Plaintiff's request.  (*See* Doc. 27 at 3-6.)  Instead, the Court will consider the merits of the request under the correct procedural rules.

For the Court to reopen Plaintiff's expert disclosure deadline, Plaintiff must first show excusable neglect for his failure to timely disclose the expert he now seeks to add, pursuant to Federal Rule of Civil Procedure 6.  *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").  "[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (quotation marks omitted).  "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.* at 395.

If the Court finds excusable neglect under Rule 6, Plaintiff must then show good cause to modify the Scheduling Order's expert disclosure deadline under Federal Rule of Civil Procedure 16.  *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  "Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard."  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (brackets and ellipses omitted).  Factors courts consider in making this determination include whether the moving party "has been generally diligent," whether the moving party's need for more time was foreseeable, the risk of unfairness to the moving party, and the "possible

prejudice to the party opposing the modification." *Id.* The Court will consider Plaintiff's request for the Court to reopen his expert disclosure deadline in light of the foregoing standards.

> **A.    Whether Plaintiff has shown "excusable neglect" for failing to timely disclose a causation expert under Rule 6**

As noted above, Plaintiff timely identified several treating physicians who may offer expert testimony on August 3, 2020.  (Docs. 22, 27-1.)  However, according to Plaintiff, his counsel did not realize that Defendant intended to retain a medical expert to dispute the cause of Plaintiff's lumbar spine injuries until counsel received over 3,000 pages of medical records on September 10, 2020 and Defendant's expert disclosure on October 7, 2020.  (Doc. 26 at 1-2; Doc. 30 at 2-4.) Plaintiff filed the present Motion seeking leave to designate and disclose a retained expert to testify regarding the cause of Plaintiff's injuries on October 16, 2020, only nine days after Defendant's expert disclosure.

Defendant emphasizes that it asserted its intent to dispute causation in its Answer and in the parties' Joint Status Report and Provisional Discovery Plan, both of which were filed long before Plaintiff's expert disclosure deadline expired.  (Doc. 27 at 1-2, 6-7; *see* Doc. 1-2 at 10 *and* Doc. 10 at 8.)  However, Defendant's assertions in these pleadings are boilerplate, and it is therefore excusable that Plaintiff's counsel did not understand them to indicate an intent to retain a medical expert to dispute the cause of Plaintiff's spinal injuries.  That Plaintiff's counsel did not receive the voluminous medical records supporting Defendant's causation challenge until after her client's expert disclosure deadline further explains her failure to timely anticipate the challenge. In short, taking all of the relevant circumstances into account, the Court finds that Plaintiff has shown excusable neglect for failing to timely disclose the expert he now seeks to add.

> **B.    Whether Plaintiff has shown "good cause" to modify his expert disclosure deadline under Rule 16**

Having found that Plaintiff has shown excusable neglect for failing to timely disclose his new causation expert under Rule 6, the Court must next determine whether he has shown good cause to modify the deadline for him to disclose this expert under Rule 16.  In this regard, the Court first finds that Plaintiff has generally been diligent in meeting his discovery deadlines in this case.  *Inter alia*, the parties exchanged written discovery before Defendant removed the case to federal court, (Doc. 1-2 at 15-17); and, as previously noted, Plaintiff timely disclosed several treating physicians as witnesses who may offer expert testimony on August 3, 2020.  (Docs. 22, 27-1.)

In addition, the Court concludes that, while Plaintiff's need to retain a causation expert may have been foreseeable from the beginning of the case in the broad sense that causation is an element of every negligence claim, the need to address Defendant's causation challenge only became apparent after its September 10 medical record production and its October 7 expert disclosure, both of which occurred after Plaintiff's expert disclosure deadline had already expired. Up to that point, Plaintiff does appear to have "underestimated" Defendant's position on causation, as he candidly admits.  (Doc. 30 at 4.)  However, given the size and timing of the medical record production in particular, he has provided an adequate explanation for why he did so.

The Court further finds that the risk of unfairness to Plaintiff if he is not allowed to add a causation expert is significant.  Causation is an essential element of Plaintiff's claims.  *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 22, 335 P.3d 1243, 1249.  Without an expert to dispute Dr. Davis' opinion that the accident at issue did not cause or aggravate his spinal injuries, Plaintiff would risk losing most or all of his claims on summary judgment or directed verdict, solely as the result of a procedural error.

Conversely, the Court finds that the possible prejudice to Defendant if Plaintiff is allowed to add a causation expert is slight.  Plaintiff has averred that his causation expert "is now ready to

be designated and provide his report," (Doc 30 at 4), and discovery does not close until December 28, 2020.  (Doc. 15 at 2.)  Thus, Defendant will likely have sufficient time to depose Plaintiff's new expert within the case management deadlines the Court originally set.  Also, there is currently no trial setting to be delayed if a discovery extension were to become necessary.  In addition, the Court can largely ameliorate any prejudice Defendant might otherwise face by granting it leave to produce a supplemental expert report to rebut Plaintiff's expert's report, should the latter exceed the scope of Dr. Davis' original report.

Having weighed the relevant circumstances in accordance with *Tesone*, 942 F.3d at 988, the Court in its discretion finds that Plaintiff has shown good cause for the Court to modify his expert disclosure deadline and allow him to disclose an expert who will testify regarding the cause of his injuries.  The Court will therefore grant Plaintiff's Motion, subject to the terms set forth below.

### III.  Conclusion

IT IS THEREFORE ORDERED as follows:

1.     Plaintiff's Opposed Motion to Supplement His Expert Disclosure to Add an Expert Witness (Doc. 26) is GRANTED.  Plaintiff may designate an expert to testify regarding the cause of his injuries and must make all required disclosures regarding this expert pursuant to Federal Rule of Civil Procedure 26(a)(2) no later than **Monday, November 23, 2020**;

2.     Plaintiff must make his causation expert available to be deposed as promptly as possible after the expert is disclosed; and,

3.     Defendant may produce a supplemental expert report to rebut Plaintiff's expert's report to the extent that the latter exceeds the scope of Dr. Davis' original report, no later than **Monday, December 21, 2020**.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE